# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS, | CASE NO. 1:11-cv-01415-LJO-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S COMPLAINT** |
| v. | |
| CITY OF FRESNO, et al., | |
| Defendants. / | |

## I. INTRODUCTION

Plaintiff proceeds *in forma pauperis* and *in pro se* in this action pursuant to 42 U.S.C. § 1983 against Defendants City of Fresno, Fresno Police Department, and Police Officer Catton for events surrounding his arrest. As set forth below, Plaintiff states a cognizable Section 1983 claim for excessive force against Officer Catton, but states no cognizable claim as to the remaining defendants. Plaintiff shall inform the Court of his willingness to proceed only with the claim found cognizable or he may elect to amend his complaint, curing the deficiencies outlined below.

## II. FACTUAL BACKGROUND

Plaintiff alleges that on August 22, 2009, he was involved in an argument with his wife at a Chevron gas station. (Doc. 1, 3:25-4:1.) During the argument, Plaintiff threw an empty bottle at the service station wall, and the station clerk then called the police. (Doc. 1, 4:1-3.) When the police officers responded to the call and arrived at the scene, they saw Plaintiff "arguing loudly with his

wife," and Officer Catton pushed Plaintiff in the chest and Plaintiff fell to the ground. (Doc. 1, 4:3-5.)

Plaintiff sustained injuries for which an ambulance was summoned. (Doc. 1, 4:7.) While he was being treated in the ambulance, Plaintiff complained of chest pains from a prior heart condition. (Doc. 1, 4:7-8.) The condition was "further exacerbated by the tightness of the handcuffs." (Doc. 1, 4:9.) According to Plaintiff, Officer Catton continued to taunt Plaintiff and a struggle ensued during which Plaintiff was "unnecessarily tazed" and beaten "about the head." (Doc. 1, 4:10-11.) Plaintiff asserts that he was falsely charged with assault on an officer and spent over a year in jail. (Doc. 1, 4:12-13.) Plaintiff also contends that the officer lied "to secure the plaintiff's imprisonment for longer than necessary." (Doc. 1, 4:13-14.)

### III. DISCUSSION

**A. Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B. Pleading Requirements**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.    Analysis**

   **1.    Section 1983 Claims**

Section 1983 of Title 42 of the United States Code does not provide substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations and internal quotation marks omitted). In pertinent part, Section 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To sufficiently plead a cognizable Section 1983 claim, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff must allege that he suffered a specific injury and show a causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (9th Cir. 1978).

   **2.    Claims Against the Fresno Police Department**

While Section 1983 is not itself a source of substantive rights, it provides a cause of action against any *person* who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The term "person" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental

entities. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). The Fresno Police Department, however, is a municipal *department* of the City of Fresno and is not generally considered a "person" within the meaning of Section 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section1983); *Vance*, 928 F. Supp. at 995-96 (dismissing *sua sponte* Santa Clara Department of Corrections as improper defendant); *Jewett v. City of Sac. Fire Dep't*, No. CIV. 2:10-556 WBS KJN, 2010 WL 3212774, at *2 (E.D. Cal. Aug. 12, 2010) (finding fire department not a "person" under Section 1983 and dismissing suit against it); *Wade v. Fresno Police Dep't*, No. Civ. 09-0588 AWI DLB, 2010 WL 2353525, at *4 (E.D. Cal. June 9, 2010) (finding police department is not a "person" under Section 1983); *Morris v. State Bar of Cal.*, No. Civ. 09-0026 LJO GSA, 2010 WL 966423, at *3 (E.D. Cal. Mar. 11, 2010) (finding that a fire department is a municipal department and therefore not a "person" under Section 1983); *Sanders v. Aranas*, No. 1:06-cv-1574 AWI SMS, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) (finding Fresno Police Department improper defendant because it is a sub-division of the City of Fresno); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, No. Civ-S-05-2090 MCE EFB PS, 2006 WL 3760276, at *4 (E.D. Cal. Dec. 18, 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of Section 1983).

Plaintiff has also named the City of Fresno as a defendant; naming sub-units of a municipality as a defendant is redundant. *See Abeytia v. Fresno Police Dep't,* No. 1:08-cv-01528 OWW GSA, 2009 WL 1674568, at *9 (E.D. Cal. June 12, 2009) ("Naming the [Fresno Police Department], which is a department of the City, as a defendant is redundant to naming the City of Fresno as a defendant."). The Fresno Police Department is an improper defendant under Section 1983 and such a claim is not viable against it. If Plaintiff elects to amend his complaint, any restated Section 1983 claim against the Fresno Police Department will be recommended for dismissal with prejudice on these grounds.

### 3. Claim Against the City of Fresno

Municipalities or other governmental bodies may be considered "persons" pursuant to Section 1983 and thus may be subject to suit. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

1   There is, however, no *respondeat superior* liability under Section 1983 and a local governmental
2   entity is only subject to suit when that entity maintains a policy or custom that is the cause of the
3   deprivation of federal rights. *Id*. at 694.  Specifically, the City of Fresno "may be held liable for such
4   a violation only if the arresting officers' conduct was a product of City policy or custom." *Menotti*
5   *v. City of Seattle*, 409 F.3d 1130, 1147 (9th Cir. 2005).

6         To state a Section 1983 claim against the City of Fresno, Plaintiff must show (1) he was
7   deprived of a constitutional right; (2) the City of Fresno had a policy that (3) amounted to deliberate
8   indifference to his constitutional right; and (4) the policy was "the moving force behind the
9   constitutional violation." *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992) (quoting *City*
10  *of Canton v. Harris*, 489 U.S. 387, 388 (1989) (internal quotation marks omitted)).  A policy or
11  custom of a governmental entity may be established in at least one of three ways:  (1) by showing
12  a longstanding practice or custom which constitutes the standard operating procedure of the local
13  entity; (2) by showing that the decision-making official was, as a matter of state law, a final policy
14  making authority whose edicts or acts may fairly be said to represent official policy in the area of the
15  decision; or (3) by showing that an official with final policy-making authority either delegated that
16  authority to, or ratified the decision of, a subordinate. *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968,
17  985 (9th Cir. 2002).

18        Plaintiff makes no substantive allegations against the City of Fresno in his complaint and,
19  as such, no cognizable Section 1983 claim has been pled with regard to this entity.

20        **4.**      **Claims Against Officer Catton**
21            **a.**      **Claim for Excessive Force**

22        According to Plaintiff, while he was arguing with his spouse at a Chevron gas station on
23  August 22, 2009, Fresno police officers arrived and Officer Catton "ran and pushed plaintiff in the
24  chest and the plaintiff fell to the ground." (Doc. 1, 4:4-5.)  Plaintiff asserts the following with regard
25  to his arrest after he was pushed to the ground by Officer Catton:

26        The plaintiff was injured so the officers called an ambulance.  Plaintiff complained
          of chest pains from a prior heart condition, while being treated in the ambulance.
27        The condition was further exacerbated by the tightness of the handcuffs.  Since
          Officer Catton[] continued to taunt the plaintiff, a struggle ensued.  Officer Catton
28

unnecessarily tazed the plaintiff in the neck and beat him about the head. The plaintiff was later taken to the hospital.

(Doc. 1, 4:7-12.)

The Fourth Amendment standard applies to excessive force claims arising during the "course of an arrest, investigatory stop, or other 'seizure' of a free citizen[.]" *Graham*, 490 U.S. at 395. The Fourth Amendment guarantees the right "to be secure in their persons . . .against unreasonable . . . seizures." U.S. Const. amend. IV.

The use of excessive force on the part of law enforcement effectuating an arrest states a cognizable claim under Section 1983. Allegations of overly-tight handcuffing can constitute excessive force. *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004). Plaintiff alleges that the tightness of his handcuffs exacerbated his medical condition and, he was "unnecessarily" tazed and beaten "about the head" by Officer Catton during the course of his trip to the hospital. (Doc. 1, 4:7-12.) Plaintiff's allegations state a cognizable Section 1983 claim for excessive force against Officer Catton.

**b.    Remaining Claims are Not Cognizable**

Plaintiff alleges that he was "falsely charged with assault on an officer and spent a year in jail. There is evidence that the officer lied in order to secure the plaintiff's imprisonment for longer than necessary." (Doc. 1, 4:12-14.) To the extent Plaintiff is attempting to set forth a wrongful arrest or wrongful prosecution claim under Section 1983, the claims, if meritorious, imply the invalidity of Plaintiff's conviction. The United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) generally bars claims challenging the validity of an arrest, prosecution, or conviction until such time as the criminal proceedings have been invalidated. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claim of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (plaintiff's false arrest and imprisonment claims were barred by *Heck* until the conviction was invalidated).

With regard to invalidation, a Section 1983 plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Moreover, even where the plaintiff is no longer in custody and "cannot overturn his prior convictions by means of habeas corpus[, this] does not necessarily lift *Heck's* bar." *Guerrero*, 442 F.3d at 604. Unless Plaintiff can show that he timely pursued any available state appeal and habeas corpus remedies regarding his conviction or was prevented from doing so, any claim that implies the invalidity of Plaintiff's arrest and conviction is not cognizable under Section 1983 pursuant to *Heck*. *Id.*

## IV.   CONCLUSION

As set forth above, Plaintiff's complaint states one cognizable claim for excessive force in violation of the Fourth Amendment against Officer Catton. Plaintiff's allegations do not, however, state cognizable claims under Section 1983 against Defendant Fresno Police Department or the City of Fresno. The Court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified in this order. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Catton pursuant to a Section 1983 claim for excessive force, Plaintiff may notify the Court in writing, and his other claims will be recommended for dismissal for failure to state a claim. Plaintiff will then be provided with a summons and a USM-285 form for completion. Upon completion of the forms and submission to the Court, the United States Marshal will be directed to initiate service of process on Defendant Catton.

If, however, Plaintiff elects to amend his complaint, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that

1. **Within 30 days** from the date of this order Plaintiff shall **either:**
    a. File a statement informing the Court of Plaintiff's willingness to proceed **only** on the claim found cognizable; **or**
    b. File an amended complaint;
2. If Plaintiff fails to either state his willingness to proceed with the cognizable claim or file an amended complaint, the Court will recommend dismissal of all the claims, with the exception of the excessive-force claim.

IT IS SO ORDERED.

**Dated:     December 19, 2011**             /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE