# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS, | CASE NO. 1:11-cv-01415-AWI-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| OFFICER CATTON, | (Doc. 18) |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Robert Lewis ("Plaintiff") is proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. The Court has determined that Plaintiff has stated a cognizable Section 1983 claim for alleged excessive force. The U.S. Marshal has been directed to serve the complaint, and Defendant Catton has not yet made an appearance in the action. On December 7, 2012, Plaintiff filed a motion for court appointment of counsel. (Doc. 18.)

## II. DISCUSSION

Plaintiff has requested the appointment of counsel in this case. (Docs. 8, 9, 21.) "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. District Court for Southern*

*District of Iowa*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

A civil litigant may be entitled to appointed counsel if he demonstrates both indigence and exceptional circumstances. When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1282 (2010). Neither of these considerations is dispositive and instead must be viewed together. *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proven, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court finds that Plaintiff is able to adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel is DENIED.

IT IS SO ORDERED.

**Dated:   January 10, 2013**            /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE