# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO, *et al.*,<br><br>        Defendants. | CASE NO.  1:11-CV-01415-LJO-SKO<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME.** |

      Plaintiff Robert Lewis, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants the City of Fresno, the Fresno Police Department ("FPD"), and FPD Officer Gregory Catton. Doc. 1. On December 20, 2011, the Magistrate Judge screened Plaintiff's complaint and found that it states a Section 1983 claim for damages against Defendant Catton for alleged excessive force, but it fails to state any other claims for relief. Doc. 8. On November 8, 2013 Defendant Catton filed a motion for summary judgment, seeking judgment in his favor on the remaining Section 1983 excessive force claim. Doc. 29. Defendant set a hearing on that motion for December 11, 2013. *Id*. According to Eastern District of California Local Rule 230(c), Plaintiff's response/opposition was due fourteen days in advance of the hearing date, on Wednesday, November 27, 2013.[1] Plaintiff failed to file an opposition or any other paper by that deadline, despite having been served at the new mailing address provided by Plaintiff on November 15, 2013. *See* Docs. 30-33. The hearing on the motion, originally set for December 11, 2013, was vacated, and the matter was submitted for decision on the pleadings pursuant to Local Rule 230(g). Doc. 34.

---

[1] Local Rule 230(c) provides in its entirety:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. *See* L.R. 135.

1

On Wednesday, December 11, 2013, Plaintiff called the Court indicating that he had spent some time in the hospital and requesting additional time to respond to the motion. Plaintiff was instructed to fax the Court any medical records relevant to his hospital stay. The Court received a fax regarding Plaintiff from the Family Health Center of San Francisco General Hospital the next day. However, the faxed records indicate that Plaintiff visited the emergency room complaining of back pain on the night of December 9, 2013 and was released the next afternoon. This documentation does not establish good cause for Plaintiffs failure to file timely a response to the pending motion. Among other things, this visit to the hospital occurred after his response was due. Accordingly, the Court DENIES Plaintiff's request for an extension and will rule on the motion in a separate document shortly.

IT IS SO ORDERED.

Dated:   **December 13, 2013**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

2